# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-395-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| AMIE DEMMING, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 21, 2023, defendant Amie Demming ("Demming") was sentenced to a term of 63 months imprisonment, following her guilty plea to conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349. (Doc. No. 296 (Judgment); *see* Minutes of Proceedings [non-document], 3/21/2023; Doc. No. 200 (Plea Agreement).) Now before the Court is Demming's *pro se* motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 346 (Motion).) Appointed counsel filed a notice of intent to not supplement Demming's *pro se* motion (Doc. No. 348 (Notice)), and the government filed an opposition to the motion. (Doc. No. 350 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In her motion, Demming asks the Court to "decrease her status points by two which in turn can reduce her sentence[.]" (Doc. No. 346, at 4.) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court calculated Demming's base offense level to be 7. (*See also* Doc. No. 224 (Final PSR), at 15 ¶ 42.) After the appropriate adjustments were applied—including an 18-level enhancement for loss of more than $3,500,000 but less than $9,500,000, a 2-level enhancement for ten or more victims, a 4-level enhancement for being an organizer/leader, and a 3-level reduction for acceptance of responsibility—the resulting total offense level was 28. (*See also id*. at 15–16 ¶¶ 43–52.) Demming had one prior conviction for domestic violence, which yielded two criminal history points. (*See also id*. at 16–17 ¶¶ 55–56.) With a total of 2 criminal history points, the guidelines dictated that she was a criminal history category II. (*See also id*. at 17 ¶ 57.) The advisory guideline range at offense level 28, criminal history category II, was 87 to 108 months. (*See also id*. at 26 ¶ 84.) Nevertheless, the Court departed downward several levels in imposing a below-guidelines sentence.

Demming's motion to reduce her sentence must be denied because Amendment 821 does not apply to her. At the time of sentencing, Demming was assessed no "status points" under § 4A1.1(e). Her advisory sentencing guideline is undisturbed by the Amendment, and Demming, is

therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points." Further, because Demming is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.[1]

For the foregoing reasons, defendant's motion to reduce her sentence (Doc. No. 346) is DENIED.

**IT IS SO ORDERED**.

Dated: February 6, 2024

                                             **HONORABLE SARA LIOI**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**

---

[1] Had the Court proceeded to the second stage of the analysis and considered the sentencing factors in 18 U.S.C. § 3553(a), it is unlikely that Demming would have qualified for a further sentence reduction. Notwithstanding her prison programming and her family support, Demming participated in a complex fraudulent scheme designed to generate false data from non-existent trials of medications. In her leadership role in the conspiracy, Demming and others created false clients for the studies, registered clients for the studies without their consent, created false laboratory results, and paid her and her co-conspirators for the false clients' participations in the studies. She already received substantial consideration at sentencing and has only served a tiny fraction of her already below-guideline sentence. A further reduction would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of Demming. *See* § 3553(a).